IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRADLEY BOYER,

    Plaintiff,

v.

FLAGSHIP AUTOMOTIVE CENTER, LLC,
and RICHARD T. WILLIAMS,

    Defendants.

CASE NO. 2:12-CV-00147-UA-DNF

## OBJECTION TO THE CLERK'S ENTRY OF COSTS IN FAVOR OF PLAINTIFF

The Defendants, Flagship Automotive Center, LLC and Richard T. Williams ("Defendants"), hereby respectfully object to the Clerk's Entry of Costs (DE 47) in favor of Plaintiff where no judgment exists for such an entry to take place, and no such agreement to the amount of costs exists between the parties. The grounds for this Objection are as follows:

On March 13, 2012, Plaintiff filed the instant lawsuit against Defendants for alleged overtime wages under the Fair Labor Standards Act ("FLSA").

On November 11, 2012, the parties entered into a "nuisance settlement," whereby Defendants agreed to pay Plaintiff $1500 ($750 in wages and an equal amount in liquidated damages). The Plaintiff was allowed in the settlement to petition the Court for an award of attorneys' fees and costs. The Court approved Settlement Agreement (DE 37 – *emphasis added*) stated:

> Defendants, jointly and severally, shall pay Plaintiff for the reasonable attorney's fees and costs incurred by Plaintiff and Plaintiff's counsel in this matter. **The amount to be paid shall be determined by the Court upon motion to be filed by Plaintiff** within the time provided by the Federal and/or Local Rules of Civil Procedure.

On January 30, 2013, Plaintiff's attorney filed a motion to attorneys' fees, but failed to ask for a determination of costs pursuant to the settlement agreement. Instead, Plaintiff chose to file a Notice of Filing Bill of Costs on February 4, 2013 (DE 40), and alleged that it is was pursuant to a Local Rule 7.3(c), but that rule does not exist in this Court. **Local Rule 7.3(c) is a local rule for the United States District Court, in and for the Southern District of Florida**. This is just another example of Plaintiff's counsel's cut and paste practice, as pointed out in Defendants' Response to Motion for Attorneys' Fees (DE 39). Plaintiff failed to file the appropriate motion pursuant to the settlement agreement for the determination of costs, which should have been incorporated with Plaintiff's previously filed motion for attorneys' fees.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Defendants respectfully request that the Clerk's Entry of Costs be set aside, and the determination of costs be referred with the motion for attorneys' fees to Magistrate Judge Douglas N. Frazier pursuant to this Court's previous Order entered on February 14, 2013.

        FORD & HARRISON LLP

By:   /s/ Dennis A. Creed, III
      Tracey K. Jaensch
      Florida Bar No. 907057
      tjaensch@fordharrison.com
      Dennis A. Creed, III
      Florida Bar No. 0043618
      dcreed@fordharrison.com
      FORD & HARRISON LLP
      101 East Kennedy Boulevard
      Suite 900
      Tampa, Florida 33602-5133
      Telephone:  (813) 261-7800
      Facsimile:   (813) 261-7899

      Attorneys for Flagship Automotive
      Center, LLC and Richard T. Williams

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Todd W. Shulby, Esq.
TODD W. SHULBY, P.A.
4705 S.W. 148th Ave, Suite 102
Davie, FL 33330-2417

/s/ Dennis A. Creed, III
Attorney

TAMPA:336499.1