## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**BRADLEY BOYER,**

    **Plaintiff,**

**v.**                                                                                       **Case No:  2:12-cv-147-Ftm-99DNF**

**FLAGSHIP AUTOMOTIVE CENTER,**
**LLC and RICHARD T. WILLIAMS,**

    **Defendants.**

## REPORT AND RECOMMENDATION
**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on the Plaintiff, Bradley Boyer's Verified Application for Attorney's Fees (Doc. 39) filed on January 30, 2013, the Defendants, Flagship Automotive Center, LLC and Richard T. Williams' Response in Opposition to Plaintiff's Verified Application for Attorney's Fees (Doc. 41) filed on February 13, 2013, and the Plaintiff's Reply (Doc. 45) filed on March 4, 2013.  This matter was referred to this Court by Order (Doc. 42) entered on February 14, 2013 for a report and recommendation.

    On February 25, 2013, the Plaintiff filed a Motion for Leave to File Reply (Doc. 43). The Court entered an Endorsed Order (Doc. 44) which allowed a reply but limited the length of the Reply to five (5) pages.  On March 4, 2013, the Plaintiff filed a Reply (Doc. 45) that was ten (10) pages in length and included an attached Exhibit 1.  Rather than strike the Reply (Doc. 45), the Court will only consider the first five pages of the Reply, and the Exhibit.

    The Plaintiff filed a Notice of Filing Bill of Costs (Doc. 40) on February 4, 2013, and the Clerk taxed costs (Doc. 47) on March 8, 2013.  Subsequently, the Defendants filed an Objection to the Clerk's Entry of Costs in Favor of Plaintiff (Doc. 48) on March 13, 2013.  The Plaintiff

then filed a Supplemental Application for Attorney's Fees and Costs (Doc. 49) on March 14, 2013, and the Defendant filed a Response in Opposition to Plaintiff's Supplemental Application for Attorney's Fees and Costs (Doc. 50) on March 28, 2013.

### I.   Background

The Plaintiff filed a five page Complaint (Doc. 1) on March 12, 2013 alleging that the Defendants failed to pay him time and one half for the overtime hours he worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207 *et seq*. The Plaintiff worked for the Defendants as a Tow Truck Driver.  In Count I, the Plaintiff alleges a cause of action for recovery of FLSA overtime wages. In Count IV,[1] the Plaintiff alleges that other employees similarly situated were not paid overtime wages and asserts a claim for a collective action.  In Count V, the Plaintiff asserts a claim for breach of contract alleging that the Plaintiff was not compensated at a rate of 28% for each tow, which violated an agreement between the Plaintiff and the Flagship Automotive Center, LLC.  In Count V, the Plaintiff claims that he worked for the Defendants from May 2011 to June 2011 whereas in Count I, the Plaintiff claims to have worked for the Defendants from June 2008 to December 2010.

The Plaintiff filed an Amended Complaint (Doc. 26) which amended Paragraph 11 to read, "Plaintiff worked for Defendants from approximately [sic] in June 2011," changed the Counts to be consecutive, added Count III, a claim for recovery of minimum wages, changed the Breach of Contract claim to change the date the Plaintiff worked for the Defendants, and added Count IV for recovery of minimum wages in the collective action.

The Plaintiff filed responses to the Court's Interrogatories. (Doc. 24).  In the response, the Plaintiff claimed to be owed $1,500.00 to $2000.00.  On November 26, 2012, the parties filed a Joint Motion for Stipulated Judgment After Approval of Settlement as to Plaintiff's Fair Labor

---

[1] There are no Counts II or III, and paragraphs 15 to 33 are missing.

Standards Act Claim (Doc. 31). An Order (Doc. 32) was entered denying the Joint Motion for Stipulated Judgment because the settlement contained an unenforceable confidentiality agreement, an unenforceable general release, and an unenforceable non-disparagement clause. (See, Doc. 32). On January 14, 2013, the Defendants filed a Second Amended Notice of Filing Settlement Agreement (Doc. 37) and on January 16, 2013, the Court entered an Order (Doc. 38) approving the settlement, dismissing the action with prejudice, and allowing the Plaintiff to move for fees and costs.  Under the Settlement Agreement, the Plaintiff received $750.00 for unpaid overtime wages, and $750.00 for the "alleged" liquidated damages. (See, Doc. 37, ¶3A). Also included was the following language, "[t]he Parties agree that this is full compensation, without compromise, to Plaintiff based on the overtime hours that Plaintiff worked for Defendants." (See, Doc. 37, ¶3A).

## II.     Discussion

The Plaintiff is requesting an award of $8,820.00 in attorney's fees, and costs in the amount of $623.75. (See, Doc. 39, p. 2, and Doc. 40-1). The Defendants assert that the Plaintiff's counsel is not entitled to attorney's fees in this case because the settlement was a "nuisance settlement" and any award of fees would be unreasonable.

"The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b). To determine the amount of attorney fees, the court must determine the reasonable number of hours expended on the litigation and multiply that amount by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party requesting the fee should submit documentation in support of the request. *Id*. If the documentation in support of the request is inadequate, the court may reduce the award accordingly. *Id*. The

burden is on the applicant for the fee award to establish an entitlement to the award of fees and the documentation of the appropriate hours, however, a court may determine the award from its own experience if there is a lack of documentation. *Id*. at 437, *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  Adjustments to these fees must then be made as necessary in a particular case. *Blum v.* Stenson, 465 U.S. 886, 888 (1984).  The court must exclude hours that were not reasonably expended, and hours that are redundant, excessive, or otherwise unnecessary.  *Hensley v. Eckerhart*, 461 U.S. at 434.  Even when a plaintiff prevails, a court must consider whether the attorney's time was reasonably expended, and if not, the time should be excluded for the fee calculation.  *See, Id.*

First, the court must ascertain the hourly rate for the attorney's representation. *Ducksorth v. Whisenant*, 97 F.3d 1393, 1393 (11th Cir. 1996).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation." *Norman,* 836 F.2d at 1299.  The burden lies with the applicant to establish that the requested rate is in line with the prevailing market rates.  *Id*.

Second, the court must determine the reasonable hours expended by counsel. *Duckworth*, 97 F.3d at 1397.  The attorney should exercise proper "billing judgment" and exclude those hours that would be unreasonable to bill a client or opposing counsel. *Id*. (citing *Norman*, 836 F.2d at 1301).  A court should deduct excessive, unnecessary, and redundant hours and time spent on unsuccessful claims. *Id*. (citing *Norman*, 836 F.2d at 1301-2). The district court has discretion in determining the amount of attorney's fees to be awarded. *Natco Ltd. Partnership v. Moran Towing of Florida, Inc.*, 267 F.3d 1190, 1196 (11th Cir. 2001).  In determining reasonable hours expended, the Court might consider the *Johnson* factors[2] in terms of their influence on the

---

2 The *Johnson*  factors are as follows:  (1) the time and labor required;  (2) the novelty

lodestar amount even though the lodestar method effectively replaced the balancing test prescribed by *Johnson*. *Norman*, 836 F.2d at 1292. The results obtained in a case may result in an upward or downward adjustment of the lodestar, however, fee awards should not simply be proportionate to the results obtained in FLSA cases, where it is not uncommon for the fee award to exceed the Plaintiff's recovery to ensure that even individuals with small claims can obtain representation by counsel so that their rights may be enforced. *Brandt v. Magnificent Quality Floral Corp.*, 2011 WL 4625379 at *12 (S.D. Fla. Sept. 30, 2011). When a court finds the number of hours billed to be unreasonably high, a court has two choices, it may review each entry and deduct the unreasonable time or it may reduce the number of hours by an across-the-board cut. *Blivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

The Defendants assert that the Plaintiff is not entitled to an award of attorney's fees because this case was a "nuisance settlement." According the letter attached to the Reply dated September 30, 2011, the bookkeeper for the Defendants, Kathy Mergatroyd stated that the Plaintiff "did not work 70 hours his last week as he had claimed, but rather closer to 55 hours as stated on his own drivers logs (attached)." (Doc. 45-1). This letter indicates that the Plaintiff did work overtime wages and may not have been paid for them. The violation for failing to pay overtime wages occurs whether the amount owed is relatively small or large. The FLSA does not require that the Plaintiff make a demand for payment prior to filing suit. *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1245 (11th Cir. 2009). The Defendants cite to

---

and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir.[1] 1974), *see also*, *Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, 1187, n. 8 (11th Cir. 1983).

*Sahyers v. Prugh, Holliday & Karatno, P.L.*, 2008 U.S. Dist. LEXIS 112849, *4 (M.D. Fla. 2008) to support their proposition that no fees should be awarded in this case. The Court reviewed the Opinion by the Eleventh Circuit Court of Appeals in upholding the District Court's decision not to award attorneys' fees in an FLSA case to the prevailing party. *Sahyers*, 560 F.3d 1242. The Court "strongly" cautioned against "inferring too much from our decision today. These kinds of decisions are fact-intensive. We put aside cases in which lawyers are not parties." *Id*. at 1246. The Eleventh Circuit did not "recommend that courts use their inherent powers to deny prevailing parties' attorney's fees or costs. We declare no judicial duty. We create no presumptions." *Id*. The Court determines that the facts in this case do not warrant a "no fee" finding and that the Plaintiff is entitled to an award of attorney's fees, however, the Court will also strongly consider the Defendants' arguments to determine a final amount of fees.

    A.  **Reasonable Hourly Rate**

Counsel is requesting an hourly rate of $350.00 per hour. According to his Unsworn Declaration (Doc. 39-2), Mr. Shulby has practiced law since 1995. The Defendants did not set forth any arguments relating to Mr. Shulby's hourly rate. Based upon the prevailing rates in this area and the Court's own experience, the Court determines that the rates in the Fort Myers area for FLSA cases range from $275.00 to $375.00 and that $350.00 is at the higher end of rates in this area. After careful review of the filings in this case and taking into consideration Mr. Shulby's experience, the Court determines that Mr. Shulby is entitled to an hourly rate of $275.00. The documents filed in this case were not carefully drawn and did not show any expertise on the part of counsel. In addition, the Court will review Mr. Shulby's hours very carefully keeping in mind that with his experience, many tasks should have taken a minimal amount of time.

### B. Reasonable Hours

The Court must next determine whether the Plaintiff's fee request is reasonable in terms of the total number of hours expended by counsel. Mr. Shulby expended 25.20 hours in this case. This case is a simple straightforward case of the failure to pay overtime wages. The case is simplified by the fact that the Plaintiff only worked for the Defendants for 18 days, therefore, the record reviews and calculations are simple. There was no novelty or difficulty in the issues raised and no extraordinary legal skill was required, nor did this case preclude counsel from handling other cases. From the initial filing of the Complaint, the first Motion to Approve Settlement (Doc. 31) was filed in slightly over eight months. Counsel for the Plaintiff, Todd Shulby is very experienced in Federal Court having filed at least 636 cases in the Middle District of Florida, and at least seven (7) FLSA[3] cases in the Fort Myers Division of the Middle District.

Counsel is requesting that the Court allow 4.1 hours associated with the Plaintiff conferring with counsel and preparing and filing the Complaint, from November 15, 2011 through March 13, 2012. The Court reviewed other FLSA cases filed by Mr. Shulby and it is clear that the Complaint in the instant case was cut and pasted from complaints in other lawsuits. Further evidence of the cutting and pasting is the number of errors in the original Complaint such as the dates the Plaintiff worked for the Defendant being different in different paragraphs, the Counts being incorrectly numbered, and the paragraphs being incorrectly numbered. Mr. Shulby is an experienced attorney in FLSA matters and the information needed from the Plaintiff in the initial interview, the preparation, and drafting of the Complaint should have taken little time.

---

3 *Stringer v. All Lee County Insurance Agency, Inc.,* 2:06-cv-055-MMH-DNF; *Daniel v. CLA Landscaping, Inc., et al.,* 2:10-cv-245-JES-SPC; *Phillips v. Vermillion Toney LLC et al.,* 2:10-cv-378-JES-SPC; *Worthen v. Buckshot Cable, Inc. et al.,*, 2:12-cv-57-Ftm-UA-SPC; *Wellington v. Fort Myers Forklife, Inc. et al.*, 2:12-cv-155-FtM-UA-SPC; *Nieto v. Golden Horshoe Internet Café, Inc. et al.,* 2:12-cv-578-FtM-UA-DNF, and the instant case.

Therefore, the Court will deduct 3.1 hours from the 4.1 hours set forth by counsel, and allow 1 hour of time.

Counsel included time expended on a motion for final default judgment that was never filed. As an Attachment to his Reply, the Plaintiff included a letter dated September 30, 2011 from the Defendants regarding this case, and left a message on the Defendants' telephone on June 1, 2012. Counsel did have contact with the Defendants and three (3) days after that message, on June 4, 2012, the Defendants filed an Unopposed Motion to set Aside Clerk's Entry of Default (Doc. 15). The Court finds that the time expended relating to the default judgment which was never filed was not necessary and the Court will deduct 1.3 hours. (See, entries May 14, 2012, May 17, 2012, May 22, 2012, and June 1, 2012).

Counsel included time expended filing an Amended Complaint on August 31, 2012, September 19, 2012 and reviewed Answers to Amended Complaint filed on September 20, 2012. The Court finds that an amended complaint and then an amended Answer would not have been necessary if counsel had carefully drafted the original Complaint. Counsel also included time expended filing motions for enlargement of time. The Court does not find that Counsel or Plaintiff's delay in meeting deadlines is a necessary expense. (See, entries on May 21, 2012, September 6, 2012, December 21, 2012). Therefore, the Court will deduct 1.3 hours.

Counsel expended .7 hours preparing a spreadsheet, and .7 hours discussing hours worked with the Plaintiff. (See, May 17, 2012 and May 21, 2012). Later on August 16, 2013, Counsel prepared for a telephone conference with the Plaintiff regarding the spreadsheet expending .9 hours, and on September 11, 2012, discussed for .2 hours the hours worked with the Plaintiff. The amount of days that the Plaintiff worked for the Defendants was very limited,

and the time expended by Counsel excessive in determining the amount of overtime, therefore, the Court will deduct 1.5 hours.

Counsel spent approximately 3.9 hours on preparing the settlement documents. The Court finds that this amount of time is excessive to prepare settlement documents that were forms with some modifications. The Court will deduct 2.4 hours.

Therefore, the Court will deduct 9.6 hours from Counsel's time records. The total time that the Court will permit is 15.6 hours (25.2 – 9.6 = 15.6) for a total award of $4,290.00 (15.6 x $275.00 = $4,290.00). The Court has considered the policies behind the FLSA including that fees are not necessary proportionate to the results obtained so that even plaintiffs with small claims will attract counsel to represent them. Therefore, the Court will not reduce the lodestar by 82.9%[4] which would be proportionate to the recovery. However, viewing the totality of the case including the lack of attention to details, the necessity of filing an amended complaint, the simplicity of the case, the failure to prevail on all claims, and the limited number of days that the Plaintiff worked for the Defendants as well as the results obtained the Court considers $4,290.00 to be unreasonably high in this case. The Court recommends an overall reduction of 50% for a total fee award of $2,145.00 ($4,290.00 ÷ 2 = $2,145.00).

The Plaintiff also filed a Supplemental Application for Attorney's Fees and Costs (Doc. 49) and requests an additional 2.7 hours for the time expended in reviewing the Defendants' response to the Verified Application for Attorney's Fees, preparing and filing the Reply, reviewing the objection to costs and preparing the Supplemental Application for Attorney's Fees and Costs. (See, Doc. 49-1). The argument in the Reply (Doc. 45) could have been raised in the Verified Application for Attorney's Fees and did not comply with the Court's Order allowing for the Reply. The Plaintiff failed to file any response to the Objection to the Bill of Costs. Further,

---

4 $8820.00 - $1500.00 = $7320.00   $7320.00 ÷ $8820.00 = .829

the Plaintiff failed to use proper billing judgment in this action. Therefore, the Court determines that the additional 2.7 hours should not be awarded.

## III. Costs

The Plaintiff is also requesting that an award of costs be entered. On February 4, 2013, the Plaintiff filed a Notice of Filing Bill of Costs (Doc. 40), and the costs were automatically taxed by the Clerk of Court on March 8, 2013, (See, Doc. 47) as no opposition was filed to the Notice of Filing of Bill of Costs. On March 13, 2013, the Defendants filed an Objection to the Clerk's Entry of Costs in Favor of Plaintiff (Doc. 48) arguing that the parties entered into a "nuisance settlement" and that the Plaintiff failed to ask for a determination of costs, and instead filed a Notice of Filing Bill of Costs pursuant to a Local Rule from the Southern District of Florida. The Defendant argues that citing to the wrong Local Rule shows the Plaintiff's failure to use care in drafting his documents, and costs should not be awarded.

Federal Rule of Civil Procedure 54 provides that a prevailing party may recover costs as a matter of course unless a statute, rule or court order provides otherwise. FED. R. CIV. P. 54(d)(1). Local Rule 4.18 provides that all claims for costs "shall be asserted by separate motion." M.D. Fla. L.R. 4.18. Congress has comprehensively regulated the taxation of costs in federal courts. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987). Absent statutory language to the contrary, courts are limited in taxing costs to those costs enumerated in 28 U.S.C. §1920. *Id.* The Court has discretion to tax costs enumerated in §1920, however, it is prohibited from taxing costs that are not enumerated in that statute. *Id.* at 441-442.

Section 1920 provides the following list of taxable costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily

>obtained for use in the case;
>(3) Fees and disbursements for printing and witnesses;
>(4) Fees for exemplification and costs for making copies of any materials where the copies are necessarily obtained for use in the case;
>(5) Docket fees under section 1923 of this title;
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. §1920.

In the instant case, the Plaintiff is requesting $350.00 for fees of the clerk; $180.00 for fees for service of summons and subpoena; $93.75 for fees and disbursements for printing; for a total of $623.75.  On the Bill of Costs form, it states, "Attach to your bill an itemization and documentation for requested costs in all categories."  (See, Doc. 40-1).  The Plaintiff failed to attach any documents to the Bill of Costs. The only cost the Court can verify without additional documentation is the filing fee.  Therefore, as the prevailing party, the Court will tax the filing fee of $350.00 as costs, and not tax any of the other listed costs.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the Verified Application for Attorney's Fees (Doc. 39) be **GRANTED in part and DENIED in part.**  The Court respectfully recommends that the Plaintiff be awarded the amount of $2,145.00 in attorney's fees plus costs in the amount of $350.00 for a total award of $2,495.00.

2) That the Supplemental Application for Attorney's Fees and Costs (Doc. 49) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on April 10, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties